IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD R. PEVIA, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-21-751 |
| DR. GETACHEW, *et al.*, | * | |
| Defendants | * | |
| | *** | |

**MEMORANDUM**

The self-represented plaintiff, Donald Pevia, filed this Complaint on March 24, 2021, alleging that defendants Asresahegn Getachew, M.D.; Mandip Bartels, M.D.; and Holly Hoover violated his rights under the Eighth Amendment and the terms of a settlement agreement. ECF 1.[1] In particular, he complains that Dr. Carls recommended replacement of plaintiff's left shoulder but the surgery was denied; and defendants denied the recommendation of a neurologist that, due to plaintiff's family history, he undergo a brain scan. Several dispositive and non-dispositive motions are pending before the court. Each is considered, in turn.

A.   Dispositive Motion

Defendants Dr. Getachew, Dr. Bartels, and Ms. Hoover (the "Medical Defendants") have moved to dismiss or, in the alternative, for summary judgment. ECF 10. It is supported by a memorandum (ECF 10-1) (collectively, the "Motion") and several exhibits. *See* ECF 10-3 at 10-10; ECF 11. As discussed below, Pevia is entitled to discovery, and his requests to amend the

---

[1] The Clerk shall amend the docket to reflect the full and complete spellings of defendants' names.

complaint and add additional defendants are granted, in part. Therefore, I shall deny the Motion, without prejudice, and subject to renewal.

B.  Motions to Amend

Prior to the filing of the Motion, plaintiff had filed a "Motion To Alter And Amend Complaint And Add Defendants." ECF 8. He seeks to add as defendants Commissioner of Correction Wayne Hill, Acting Warden Roderick, and Assistant Attorney General Stephanie Lane-Weber. ECF 8. After the filing of the Motion, Pevia filed another motion to amend, seeking to add Dr. Dorsey as a defendant. ECF 16. Neither motion is opposed by the Medical Defendants. For the reasons that follow, the first motion to amend is granted in part and denied in part and the second motion to amend is granted.

Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 dictates that "[t]he court should freely give leave when justice so requires." *Id*.

However, where the proposed amendment to the complaint appears to be a futility, this court has the discretion to deny leave to amend. Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: "[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle v. Penn Nat. Gaming, Inc*. 637 F.3d 462, 471 (4th Cir. 2011) (citing *United States ex rel. Wilson v. Kellogg*

*Brown & Root, Inc.,* 525 F.3d 370, 376 (4th Cir. 2008)).

Pevia seeks to add Commissioner Wayne Hill and Acting Warden Roderick as additional defendants because, respectively, they each have control over the Department of Public Safety and Correctional Services and North Branch Correctional Institution, and are responsible for Pevia's welfare. Pevia adds that Hill and Roderick, or their predecessors, were parties to the settlement agreement which, among other things, directed that Pevia would be assessed by an orthopedic surgeon and that he would receive the medical treatment recommended by the orthopedic consultant. ECF 8. This has not occurred, according to Pevia. His request to add Hill and Roderick as additional defendants is granted.

Pevia also seeks to add Assistant Attorney General Stephanie Lane-Weber as a defendant because, in his view she "was responsible and required that defendants enforce the settlement agreement." ECF 8 at 2. Pevia is mistaken. Assistant Attorney General Lane-Weber, as counsel to the Maryland Division of Correction, does not owe plaintiff the duty he describes. Pevia's request to add her to the case as a defendant is denied.

Pevia also seeks to add Dr. Dorsey, the provider who allegedly denied Dr. Carls' request that Pevia be approved for a total shoulder replacement arthroplasty. Instead, Dr. Dorsey prescribed oral analgesics and physical therapy. ECF 16; ECF 11 at 9, ¶ 23. Pevia's motion to add Dr. Dorsey as a defendant is granted.

C.    Extension of Time

The court is also in receipt of plaintiff's motion for extension of time to respond to the Medical Defendants' Motion. ECF 14. At the time Pevia filed his motion, he had not received a copy of the Motion. Subsequently, Pevia advises that he did receive the Motion and has now filed a response in opposition. ECF 22. Accordingly, the extension request is denied, as moot.

D.     Request for Discovery

Pevia filed a motion for discovery, seeking copies of his complete medical records.  ECF 15.  The Medical Defendants did not provide the court with a copy of Pevia's medical records, and Pevia explains that he has been unable to access them due to COVID-19 protocols within his place of confinement. ECF 15-1. Further, Pevia explains that he cannot properly respond to the Motion without access to his medical records. ECF 15 at 2.

Dr. Dorsey allegedly denied the recommended surgical intervention because, in his estimation, Pevia's x-ray did not show significant osteoarthritis.  Pevia notes, however, that there are "multiple records which shows prior to [his 2016 shoulder surgery] he suffered from mild osteoarthritis and deteriorating joint disorder," which have not been provided to the court.  *Id* at 1.

Summary judgment is generally inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont De Nemours and Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2012); *see Putney v. Likin*, 656 F. App'x 632, 638-39 (4th Cir. July 14, 2016) (per curiam); *McCray v. Maryland Dep't of Transportation*, 741 F.3d 480, 483 (4th Cir. 2015).  To raise adequately the issue that discovery is needed, the nonmovant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery.  Fed. R. Civ. P. 56(d); *see Harrods Ltd. v. Sixty Internet Domain Names,* 302 F.3d 214, 244-45 (4th Cir. 2002) (discussing affidavit requirement of former Rule 56(f)).

"[T]o justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'"  *Scott v. Nuvell Fin. Servs., LLC,* 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation

omitted), *rev'd on other grounds sub nom*. *Gardner v. Ally Fin., Inc.*, 514 Fed. App'x 378 (4th Cir. 2013) (per curiam).  Although the Fourth Circuit has placed "'great weight'" on the Rule 56(d) affidavit, and has said that a mere "'reference to Rule 56(f) [now Rule 56(d)] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for [an] affidavit,'" the appellate court has "not always insisted" on a Rule 56(d) affidavit.  *Harrods*, 302 F.3d at 244 (internal citations omitted).

According to the Fourth Circuit, failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary" and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'"  *Id.* at 244-45 (internal citations omitted); *see also Putney*, 656 F. App'x at 638; *Nader v. Blair*, 549 F.3d 953, 961 (4th Cir. 2008).  Moreover, "[t]his is especially true where, as here, the non-moving party is proceeding pro se."  *Putney*, 656 F. App'x at 638.

Pevia has not filed an affidavit under Rule 56(d).  But, his request for a copy of his medical records has been clearly made and is reasonable.  Therefore, his motion for discovery will be granted, and the pending Motion denied, without prejudice, subject to renewal. The Medical Defendants are directed to provide Pevia with a copy of his medical records, generated during his incarceration within the Maryland Division of Correction.

E.      Motion to Appoint Counsel

Pevia has filed a motion to appoint counsel.  ECF 7. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1),[2] is a discretionary one, and may be considered

---

[2] Under § 1915(e)(1), a Court of the United States may request an attorney to represent any person unable to afford counsel.

where an indigent claimant presents exceptional circumstances.  *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982).  There is no absolute right to appointment of counsel; an indigent claimant must present "exceptional circumstances." *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987).  Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it."  *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel).

Upon consideration of the motions and previous filings by Pevia, the court finds that he has demonstrated the wherewithal either to articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so.  The issues pending before the court are not unduly complicated.  Therefore, at this time, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Pevia under § 1915(e)(1).

A separate Order follows.

December 15, 2021                                             /s/
Date                                                               Ellen L. Hollander
                                                                   United States District Judge